IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

```
KERRY ARTHUR HERBERT, JR.,                 No. C 08-5748 CW

            Plaintiff,                     ORDER GRANTING
                                           DEFENDANT REGENTS'
     v.                                    MOTION TO DISMISS

CITY AND COUNTY OF SAN FRANCISCO;
SAN FRANCISCO GENERAL HOSPITAL;
REGENTS OF UNIVERSITY OF CALIFORNIA;
and DOES 1-30,

            Defendants.
                                      /
```

Defendant Board of Regents of the University of California (Regents), relying on Federal Rule of Civil Procedure 12(b)(6), moves to dismiss all claims against it in this action based on absolute immunity under the Eleventh Amendment.  Plaintiff Kerry Arthur Herbert, <u>pro se</u>, opposes the motion.  Having considered all the papers filed by the parties, the Court GRANTS Defendant Regents' motion to dismiss.

                              BACKGROUND

Plaintiff alleges that, on August 2, 2007, he was on temporary release from the San Francisco County jail to attend his grandmother's funeral.  On August 3, 2007, while on release, Plaintiff went to San Francisco General Hospital (SFGH) for pain in his left knee.  Doctors examined and treated him for a "sprang knee."  Plaintiff returned to jail on August 4, 2007 and then went back to SFGH in custody on August 5, 2007.  This time, doctors

1  diagnosed Plaintiff with Methicillin-Resistant Staphylococcus
2  Aureus and Plaintiff underwent seven surgeries to his left leg.
3  All of the physicians at SFGH are faculty at the University of
4  California, San Francisco (UCSF).
5     Plaintiff claims he received inadequate medical care on August
6  3, 2007 and alleges four causes of action under both state and
7  federal laws.[1]
8     The City and County of San Francisco (CCSF) and Regents are
9  co-defendants in this action.  CCSF removed the action to federal
10 court.  Regents did not join CCSF's removal petition, nor has it
11 expressly waived any immunities which it now asserts under the
12 Eleventh Amendment.

## LEGAL STANDARD

A motion to dismiss for failure to state a claim will be denied unless it is "clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  Falkowski v. Imation Corp., 309 F.3d 1123, 1132 (9th Cir. 2002), citing Swierkiewicz v. Sorema N.A., 534 U.S. 506 (2002).

When granting a motion to dismiss, a court is generally required to grant a plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment

---

[1] Plaintiff alleges general negligence, medical malpractice, and intentional infliction of emotional distress under state law; under federal law, he alleges a violation of 42 U.S.C. § 1983.

2

would be futile, a court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint." Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

DISCUSSION

I.   Eleventh Amendment

Regents' assertion that it is entitled to Eleventh Amendment immunity is supported by controlling case law. The Eleventh Amendment generally renders states immune from private damages claims brought in federal court. Stanley v. Trustees of California State University, 433 F.3d 1129, 1133 (9th Cir. 2006). This "sovereign immunity" bars private citizens from suing the state in federal court under either federal- or state-law claims. Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S 89, 106 (1984). The bar is generally absolute and covers states as well as their "instrumentalities." Regents of the University of California v. Doe, 519 U.S. 425, 429 (1997). The University of California and Regents are considered instrumentalities of the state and therefore, absent waiver, enjoy Eleventh Amendment immunity. BV Engineering v. University of California, Los Angeles, 858 F.2d 1394, 1395 (9th Cir. 1988).

II.   Waiver

In general, there are two ways that a state can waive its Eleventh Amendment immunity: voluntary consent or affirmative litigation in federal court.

A.   Voluntary Consent

A state waives Eleventh Amendment immunity if it voluntarily

1 consents to be sued in federal court. Stanley, 433 F.3d. at 1133.
2 The test for voluntary consent is a stringent one that requires an
3 unequivocal expression of intent, such as a statute or
4 constitutional amendment that clearly sets forth the state's
5 intention to subject itself to suit in federal court. Atascadero
6 State Hosp. v. Scanlon, 473 U.S. 234, 241 (1985)(superseded by
7 statute on other grounds). Here, Plaintiff cites no such statute,
8 constitutional provision, or any other unequivocal expression of
9 intent.

    B.   Affirmative Litigation In Federal Court (Removal)

Regents contends that co-defendant CCSF's removal of this case to federal court is not a waiver of Regents' Eleventh Amendment immunity. Under controlling case law, a state waives Eleventh Amendment immunity if it engages in certain affirmative "conduct that is incompatible with an intent to preserve that immunity." Hill v. Blind Indus. & Services, 179 F.3d 754, 758 (9th Cir. 1999). Under certain circumstances, a court may find that removal of state- or federal-law claims is conduct that constitutes waiver. Lapides v. Bd. of Regents of Univ. Sys. of Ga., 535 U.S. 613, 619 (2002); Embury v. King, 361 F.3d 562, 566 (9th Cir. 2004).

In Lapides, the plaintiff, a former employee of the Georgia State University, sued the University's Board of Regents in state court asserting both state- and federal-law claims. Lapides, 535 U.S. at 616. The Board of Regents removed the case to federal court, and then moved to dismiss on grounds of Eleventh Amendment immunity. Id. The Court held that the state waived its Eleventh Amendment immunity on the state-law claims when it voluntarily

4

removed the case to federal court.  <u>Id.</u> at 622.  In <u>Embury</u>, the Ninth Circuit Court of Appeals extended the ruling in <u>Lapides</u> when it held that, upon removal, the state also waives Eleventh Amendment immunity for federal-law claims.  361 F.3d at 566.

The circumstances in the present case differ significantly from those in <u>Lapides</u> and <u>Embury</u>.  Here, unlike in <u>Lapides</u> and <u>Embury</u>, Regents played no part in removing the case to federal court.  On the contrary, Regents did not join co-defendant's removal petition, nor did it consent to removal.

In <u>Riley v. Oregon</u>, 2004 WL 2360511 (D. Or.), the plaintiff sued the co-defendants, the state of Oregon and Washington County, in state court asserting state- and federal-law claims.  The county removed the case to federal court and then the state moved to dismiss on grounds of sovereign immunity.  <u>Id.</u>  The court in <u>Riley</u> explained that the state neither voluntarily removed the action nor engaged in significant litigation before asserting its right to immunity.  <u>Id.</u>  Furthermore, the state raised its sovereign immunity defense in the first motion it filed in federal court. <u>Id.</u>  Lastly, the parties in <u>Riley</u> did not cite, nor did the court find, any controlling decisions holding that a state waives its Eleventh Amendment immunity by simply failing to seek remand of an action that it did not remove.  <u>Id.</u>  For these reasons, the court granted the state's motion to dismiss.  <u>Id.</u>

Here, Regents has not engaged in any conduct that could be deemed incompatible with an intent to preserve its Eleventh Amendment immunity.  <u>See</u> <u>Hill</u>, 179 F.3d at 758.  Instead, Regents' only contact with the Court has been to assert its Eleventh

5

Amendment immunity and state that it has not participated in the removal to federal court of this case. Therefore, under the circumstances presented here, the Court finds that Regents has not waived its Eleventh Amendment immunity.

III. Qualified Immunity

In his response brief, Plaintiff provides a number of cases purportedly standing for the proposition that Regents is entitled only to qualified immunity. In addition, Plaintiff has appended a complaint filed on March 4, 2003 by the United States Department of Justice in <u>United States of America v. The Regents of the University of California</u> (Exhibit 2 to Plaintiff's response brief), which he claims also supports his argument that Regents enjoys only qualified immunity. However, Regents correctly states in its reply brief that none of the cases cited nor Exhibit 2 is on point. Plaintiff alleges no facts, nor does he provide any controlling authority, to undermine the motion to dismiss.

## CONCLUSION

For the foregoing reasons, Defendant Regents' Motion to Dismiss is GRANTED. The Court dismisses all claims against Defendant Regents. This dismissal is without leave to amend in this Court because amendment would be futile. However, this dismissal is without prejudice to refiling in state court.

IT IS SO ORDERED.

Dated: 3/10/09

CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KERRY A. HERBERT JR,

    Plaintiff,

  v.

SF CITY & COUNTY et al,

    Defendant.

Case Number: CV08-05748 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 10, 2009, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kerry Arthur Herbert
25125 Santa Clara Street, #165
Hayward, CA 94541

Dated: March 10, 2009

Richard W. Wieking, Clerk
By: Sheilah Cahill, Deputy Clerk