IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY A. HERBERT, JR, | No. 08-05748 CW |
|     Plaintiff, | ORDER EXTENDING DEADLINE FOR FILING MOTION FOR SUMMARY JUDGMENT |
|   v. | |
| CITY & COUNTY OF SAN FRANCISCO, et al., | |
|     Defendants. | |

    Pursuant to Magistrate Judge Edward M. Chen's Order Granting Defendant's Motion to Compel; Report and Recommendation Re Deadline for Filing Motion for Summary Judgment,

    IT IS HEREBY ORDERED that the deadline for Defendant to file a motion for summary judgment is extended to March 24, 2010. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendant is of the opinion that this case cannot be resolved by summary judgment, Defendant shall so inform the Court prior to the date its summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

    Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendant City and County of San Francisco no later than sixty (60) days after the date on which Defendant's motion is filed. The Ninth Circuit has held that the following notice should be given to plaintiffs:

        The defendants have made a motion for summary

>           judgment by which they seek to have your case
>           dismissed.  A motion for summary judgment under Rule
>           56 of the Federal Rules of Civil Procedure will, if
>           granted, end your case.
>
>           Rule 56 tells you what you must do in order to
>           oppose a motion for summary judgment.  Generally,
>           summary judgment must be granted when there is no
>           genuine issue of material fact--that is, if there
>           is no real dispute about any fact that would affect
>           the result of your case, the party who asked for
>           summary judgment is entitled to judgment as a matter
>           of law, which will end your case.  When a party you
>           are suing makes a motion for summary judgment that
>           is properly supported by declarations (or other
>           sworn testimony), you cannot simply rely on what
>           your complaint says.  Instead, you must set out
>           specific facts in declarations, depositions, answers
>           to interrogatories, or authenticated documents, as
>           provided in Rule 56(e), that contradict the facts
>           shown in the defendant's declarations and documents
>           and show that there is a genuine issue of material
>           fact for trial.  If you do not submit your own
>           evidence in opposition, summary judgment, if
>           appropriate, may be entered against you.  If summary
>           judgment is granted in favor of defendants, your
>           case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc). Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendant's dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff is advised that if he fails to submit declarations contesting the version of the facts

2

contained in Defendant's declarations, Defendant's version may be taken as true and the case may be decided in Defendant's favor without a trial.  Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

If Defendant wishes to file a reply brief, Defendant shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

All communications by Plaintiff with the Court must be served on Defendant's counsel by mailing a true copy of the document to Defendant's counsel.

It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

2/8/10

Dated _____

_____
CLAUDIA WILKEN
United States District Judge

3

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

KERRY A. HERBERT JR,

   Plaintiff,

 v.

SF CITY & COUNTY et al,

   Defendant.

Case Number: CV08-05748 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on February 8, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kerry Arthur Herbert
25125 Santa Clara Street, #165
Hayward, CA 94541

Dated: February 8, 2010

            Richard W. Wieking, Clerk
            By: Sheilah Cahill, Deputy Clerk

4