UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY ARTHUR HERBERT, JR.,<br><br>    Plaintiff,<br><br>   v.<br><br>CITY & COUNTY OF SAN FRANCISCO, *et al.*,<br><br>    Defendants.<br>_____/ | No. C-08-5748 CW (EMC)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR MONETARY SANCTIONS; AND REPORT AND RECOMMENDATION RE DEFENDANT'S MOTION FOR TERMINATING SANCTIONS**<br><br>**(Docket No. 50)** |

Currently pending before the Court is a motion for sanctions filed by Defendant the City and County of San Francisco (the "City"). The City has moved for sanctions based on Plaintiff Kerry Arthur Herbert, Jr.'s failure to comply with discovery orders issued by this Court. The City seeks both monetary sanctions as well as terminating sanctions. The Court hereby **GRANTS** in part and **DENIES** in part the request for monetary sanctions. The Court further **RECOMMENDS** that the request for terminating sanctions be granted.

## I.   FACTUAL & PROCEDURAL BACKGROUND

Mr. Herbert initiated this lawsuit in state court in August 2008. *See* Docket No. 1 (complaint). Subsequently, the City removed the case to federal court. *See* Docket No. 1 (notice of removal).

Upon removal, a scheduling order was issued which set March 24, 2009 as the date to complete initial disclosures. *See* Docket No. 2 (order). On July 24, 2009, the City served interrogatories and document requests on Mr. Herbert. *See* Docket No. 24 (Metlitzky Decl., Exs. B-

C). On August 4, 2009, the City served a notice of deposition on Mr. Herbert. The deposition was noticed for August 19, 2009. *See* Docket No. 24 (Metlitzky Decl., Ex. E). Ultimately, initial disclosures were not timely provided, no responses to the written discovery were produced at all, and no deposition took place.

Accordingly, in December 2009, the City filed a motion to compel initial disclosures, the deposition of Mr. Herbert, and responses to interrogatories and document requests. *See* Docket No. 23 (motion). In February 2010, this Court granted the motion and ordered Mr. Herbert to provide the requested discovery by dates certain. In the order, the Court specifically warned Mr. Herbert that failure to provide the ordered discovery could lead to sanctions, including terminating sanctions. *See* Docket No. 36 (Order at 1) ("warn[ing] Plaintiff that, should he fail to comply with this Court order, Defendant may move for sanctions, including monetary sanctions or even the sanction of dismissal").

Subsequently, in March 2010, the City filed a motion for terminating, issue, and/or monetary sanctions. In its motion, the City argued that sanctions should be issued because the initial disclosures provided were too vague to be useful; Mr. Herbert failed to provide responses to interrogatories and document requests by the specified date; and Mr. Herbert was not cooperative in scheduling his deposition and ultimately never appeared for a deposition by the specified date. In May 2010, the Court held a hearing on the motion for sanctions. At the conclusion of the hearing, the Court gave Mr. Herbert one more opportunity to comply. The Court set a date certain for Mr. Herbert's deposition (May 17, 2010) as well as the production of documents (May 19, 2010). Mr. Herbert was told that, if he did not comply, then the Court would grant the City's motion for sanctions. *See* Docket No. 47 (civil minutes). The Court also provided to Mr. Herbert the Court's manual for unrepresented litigants and information about the Legal Assistance Center located in the Courthouse.

Mr. Herbert did not appear for his deposition, nor did he produce documents.[1] Indeed, neither he nor a representative contacted defense counsel either before or after the scheduled

---

[1] Mr. Herbert did not contest his failure to appear or provide documents during the hearing for the currently pending motion.

1  deposition date to explain his failure to show or to seek an alternative date. The City therefore
2  renewed its motion for sanctions, asking for both terminating sanctions and monetary sanctions.
3  Following the City's filing of this motion on May 18, 2010, Mr. Herbert did not file an opposition.
4  He did make an appearance at the hearing on the motion. At the hearing, he represented that he did
5  not appear for his deposition on the scheduled date because he suffered an injury that day which
6  required him to go to the emergency room. As noted above, Mr. Herbert, however, never contacted
7  the City to inform it that he could not appear or why he did not appear. Mr. Herbert did not offer
8  any reason why he did not produce documents as ordered by the Court. His mother who spoke at the
9  hearing represented that he has been to the emergency room on a repeated basis (approximately
10 twenty-five times) to obtain, *e.g.*, medication for an injury that he has suffered. Apparently, Mr.
11 Herbert has had to resort to emergency room care for treatment because other medical providers
12 have refused to treat him.

## II.   DISCUSSION

A.   Terminating Sanctions

Federal Rule of Civil Procedure 37(b)(2) provides that, if a party fails to obey an order to provide or permit discovery, then a court has the authority to "issue further just orders," including but not limited to a dismissal sanction. Fed. R. Civ. P. 37(b)(2)(A).

> [T]he central factor in evaluating the district court order is justice, and everyone has notice from the text of Rule 37(b)(2) that dismissal is a possible sanction for failure to obey discovery orders. [The Ninth Circuit has] come up with a five-part "test" to determine whether a dismissal sanction is just:
>
> (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the [party seeking sanctions]; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.

*Valley Eng'rs v. Electric Eng'g Co.*, 158 F.3d 1051, 1056-57 (9th Cir. 1998); *see also Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1021-22 (9th Cir. 2002) (noting the same).

In the instant case, the first and second factors clearly weigh in favor of dismissal. This case has been pending since August 2008 with no substantial movement in the proceedings. Even basic discovery has not been provided by Mr. Herbert. As for the third factor, it also weighs in favor of

3

dismissal because Mr. Herbert's failure to provide discovery impedes the City from resolving the case on the merits. The Court notes that the City has on multiple occasions been forced to ask the assigned judge to change the date for dispositive motions because of its problems obtaining discovery from Mr. Herbert. While the fourth factor does weigh against dismissal, the factor has, under the circumstances little weight. Public policy favors disposition of a case on the merits but, as noted above, the City has been impeded from litigating the case on the merits because of Mr. Herbert's failure to provide discovery. There is no good reason why basic discovery should not have been obtained in this case, including the deposition of Mr. Herbert, when this case is almost two years old. As for the last factor, it too counsels in favor of dismissal. The Court has already issued lesser sanctions -- more specifically, warnings on two separate occasions that a failure to comply with the ordered discovery could result in dismissal -- all to no avail. As to any alternative sanction such as issue preclusion sanctions, this would have the same effect as a dismissal sanction, and thus would accomplish no purpose.

      Accordingly, the Court concludes that, given the circumstances of this case, terminating sanctions as requested by the City are appropriate. *See, e.g.*, *Computer Task Group, Inc. v. Brotby*, 364 F.3d 1112, 1117 (9th Cir. 2004) (affirming terminating sanctions where party had a record of discovery abuses, magistrate judge had previously issued lesser sanctions to no avail, and magistrate judge had given oral warnings); *Payne v. Exxon Corp.*, 121 F.3d 503, 508 (9th Cir. 1997) (affirming terminating sanctions where party repeatedly failed to provide information, the lower court tried lesser sanctions to no avail, and the lower court issued a warning). Because such a sanction is case dispositive, the Court does not order termination of the case outright but rather recommends to the assigned judge that the terminating sanction be issued. *See* 18 U.S.C. § 636(b).

      As a final point, the Court notes that it makes this recommendation with reluctance, particularly because of the public policy favoring disposition of cases on their merits. But, at this juncture, the Court has extended Mr. Herbert multiple opportunities to provide discovery to no avail. Mr. Herbert initiated this lawsuit and he therefore has an obligation to prosecute it. While the Court is not unsympathetic to his situation -- he appears to be suffering from a medical problem for which he seems to have had difficulty obtaining treatment -- he has not adequately explained why the

4

1 multiple opportunities afforded by the Court have not adequately taken into account his situation.
2 The Court therefore recommends that terminating sanctions be issued.

3 B.     Monetary Sanctions

4      In addition to terminating sanctions, the City seeks monetary sanctions in the amount of
5 $15,000. *See* Mot. at 11. According to the City, its counsel spent approximately 70 hours and
6 incurred the equivalent of $19,500 in fees[2] and costs based on "[P]laintiff's misconduct." Metlitzky
7 Decl. ¶ 35. Presumably, the City is counting all of the hours expended at least as of December 2009,
8 when it first filed a motion to compel initial disclosures, the deposition of Mr. Herbert, and
9 responses to written discovery.

10      Rule 37(b)(2) provides that, "[i]nstead of or in addition to" any other sanction authorized by
11 Rule 37(b)(2), "the court must order the disobedient party . . . to pay the reasonable expenses,
12 including attorney's fees, caused by the failure [to obey the discovery order], unless the failure was
13 substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P.
14 37(b)(2)(C). Because the Court is recommending that terminating sanctions be issued, it need not
15 award any monetary sanctions at all. Moreover, the Court is not inclined to award any attorney's
16 fees because both the underlying motion to compel as well as the motions for sanctions were not
17 complicated matters for which a large amount of fees should have been incurred. The Court also
18 notes that counsel is in house. Furthermore, the serious health problems and lack of resources
19 available to Mr. Herbert appear to have impeded his ability to prosecute this case and respond.

20      The Court, however, shall award the out-of-pocket costs incurred by the City for the three
21 depositions for which Mr. Herbert failed to appear or for which he did appear but failed to provide
22 any competent testimony (because under the influence of Vicodin).[3] This is a reasonable sanction
23 given that the City would not have incurred the cancellation costs if Mr. Herbert had ever made a
24 competent appearance for his deposition. In short, the Court awards the City monetary sanctions in

---

[2] Counsel is on the staff of the City Attorney's Office so the claimed lodestar is imputed.

[3] At the hearing, Mr. Herbert's mother represented that Mr. Herbert takes Vicodin daily. However, Mr. Herbert has previously represented to the Court that he is able to give deposition testimony despite his medical condition.

1  the amount of $450. *See* Metlitzky Decl. ¶¶ 24-31) (discussing $150 cancellation fee for each of
2  three depositions that were cancelled). Because a monetary sanction is not a case dispositive
3  sanction, the Court has the authority to issue this sanction outright (and not as a recommendation to
4  the assigned judge).

### III. CONCLUSION & RECOMMENDATION

For the foregoing reasons, the Court grants in part and denies in part the City's motion for monetary sanctions. The City is awarded $450 representing the cancellation costs incurred.

In addition, the Court recommends that the assigned judge grant the City's motion for terminating sanctions against Mr. Herbert. With respect to this recommendation, either party may file objections with the assigned judge within **fourteen (14)** days after being served with a copy.[4] *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil L.R. 72-3.

This order disposes of Docket No. 50.

IT IS SO ORDERED.

Dated: July 2, 2010

EDWARD M. CHEN
United States Magistrate Judge

---

[4] At the hearing Mr. Herbert's mother raised a request that counsel be appointed. She indicated she had already consulted with the Legal Assistance Center. The Court advised her that Mr. Herbert direct any motion for appointment of counsel to the assigned judge.

6

**United States District Court**
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KERRY ARTHUR HERBERT, JR.<br><br>Plaintiff,<br><br>v.<br><br>CITY & COUNTY OF SAN FRANCISCO, *et al.*,<br><br>Defendants.<br>_____ / | No. C-08-5748 CW (EMC)<br><br>**CERTIFICATE OF SERVICE** |

    I, the undersigned, hereby certify that I am an employee in the U.S. District Court, Northern District of California. On the below date, I served a true and correct copy of the attached, by placing said copy/copies in a postage-paid envelope addressed to the person(s) listed below, by depositing said envelope in the U.S. Mail; or by placing said copy/copies into an inter-office delivery receptacle located in the Office of the Clerk.

Kerry Arthur Herbert
25125 Santa Clara Street, #165
Hayward, CA 94541

Dated: July 2, 2010                        RICHARD W. WIEKING, CLERK

                                                 By:   /s/ Leni Doyle
                                                           Leni Doyle
                                                           Deputy Clerk